IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 3-260 |
| VS. | ) CIV No. 8-1320 |
| | ) |
| | ) |
| JASON WILDER | ) |

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this action, a jury found Defendant guilty of conspiracy to distribute and

possession with intent to distribute 100 kilograms or more of marijuana, in

violation of 21 U.S.C. § 846.  On April 7, 2006, he was sentenced to 121 months in

prison.    Before the Court is Defendant's Motion pursuant to 28 U.S.C. 2255,

asserting that his counsel was ineffective for failing to properly deal with

inaccurate information, possessed by the Court, regarding his alien status; and

with the drug quantity attributed to him for sentencing.

For the following reasons, the previously scheduled hearing in this matter

will be cancelled; Defendant's Motion will be denied; and no certificate of

appealability shall issue.

### OPINION

## I.  Background

At Defendant's sentencing hearing, the following colloquy occurred after

Defendant was sworn:

COURT: Mr. Wilder, have you read the presentence report prepared by the United States Probation Office?  And you can be seated, sir.

DEFENDANT: Yes, ma'am.  Yes, sir.

COURT: You did read it.

DEFENDANT: Yes, Your Honor.

COURT: And did you review it with your attorney?

DEFENDANT: Yes, Your Honor.

COURT: And is there anything in that report that you believe is incorrect?  Or anything that wasn't in the report that you think should have been in the report?

DEFENDANT: No.

Subsequently,  the Court expressly found that the facts set forth in the Pre-sentence Report ("PSR") were the final facts of the case.  Those facts included evidence, proffered at trial, that a witness received from Defendant packages totalling, at the low end, 2,000 pounds of marijuana.  The PSR also recounted that on March 12, 1999, an immigration judge ordered Defendant removed from the United States, and that a warrant for deportation was issued on October 6, 2000.  This information, as stated in the PSR, was obtained from Defendant during a pre-sentence interview, and verified in part by immigration authorities.[1]  The Government has presently submitted a copy of the deportation order and related papers.

Ultimately, the Court heard argument from defense counsel.  In urging a

---

[1]Defendant does not deny these facts.  He denies, instead, that he was physically deported, and that he reentered the country illegally.

five-year sentence for his client, counsel argued that Defendant would not be

entitled to certain benefits – such as rehabilitation or vocational training – due to

his alien status.   The Court's reference to Defendant's immigration status, in this

context, was made in response to defense counsel's argument.   The Court

rejected that argument, stating as follows:

> COURT:  Now, I listened carefully to Mr. Cohen talking about things that you
> will or will not be eligible for within the federal correctional system, but all
> of those things really are directly attributable to the fact that you are in
> this country illegally and that you certainly knew that.  You knew that you
> had been convicted of a very serious crime, an aggravated felony, and that
> you re-entered the country after being ordered specifically that you were
> not allowed to do so.

     In determining the appropriate sentence, the Court also expressly

considered deterrence, protection of the public, and the severity of the crime.

     The Court then provided Defendant with an opportunity to "say

anything at all that [he] would like to say."  Defendant responded, "I don't have

anything to say, Your Honor."  The Court then imposed a sentence of 121

months, at the lowest end of the guideline range.  After imposing sentence,

the Court asked defense counsel if he had anything further.  Counsel replied,

"No, your honor."

     Defendant appealed, on grounds that the Government improperly

used an organizational chart at trial, and on grounds that his sentence was

unreasonable under 18 U.S.C. §§ 3553 and 3742.  The Court of Appeals

affirmed.  In doing so, it observed as follows:

> In the case before us, the District Judge articulated the § 3553(a)
> factors and clearly considered them. She then explained that she
> was persuaded to sentence Wilder within the guideline range

because he had committed an aggravated felony and was in the United States illegally. However, she sentenced him to the lowest end of the guideline range. Such a sentence was eminently reasonable.

He then filed this habeas petition, asserting ineffective assistance of both trial and appellate counsel.

## I. APPLICABLE STANDARDS

### A. Evidentiary Hearing

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). With respect to a claim for ineffective assistance of counsel, a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005).

Previously, I scheduled a hearing in this matter to resolve what appeared to be a factual dispute surrounding Defendant's immigration status. The Government, however, has supplemented the record with evidence that Defendant was subject to deportation, and it has become clear that the facts are not in dispute. In other words, the Government concedes that Defendant was not physically deported, and did not re-enter the United States illegally. Defendant, in turn, does not dispute that he was subject to a deportation warrant, and that he was present here illegally. Under applicable standards, a hearing is unnecessary in this case. I will, therefore, cancel the previously scheduled hearing, and will dispose of the Motion on the record.

**B. Section 2255**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law present "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

**C. Pro Se Pleading**

A pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 653 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

**D. Ineffective Assistance of Counsel**

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show

that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

Our Court of Appeals has addressed the appropriate inquiry as follows:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).

As regards appellate counsel specifically, it is sufficient for her to have raised those claims which she reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id.

## II. DEFENDANT'S MOTION

Defendant raises three alleged instances of ineffective assistance. Two are premised on his assertion that he never, in fact, was deported from the United States, and never reentered illegally: trial counsel's ineffectiveness for failing to investigate Defendant's alien status and bring the correct information to the Court; and appellate counsel's failure to raise the issue on appeal, after Defendant specifically wrote to counsel and apprised him of the inaccuracy.[2] The third allegation of ineffective assistance is grounded in counsel's failure to object to the drug quantity calculation on which Defendant's offense level was based. Defendant also faults appellate counsel for failing to raise these issues on appeal.

I will address each contention in turn.

## A. Immigration Status

I first address Defendant's argument that trial and appellate counsel

_____

[2]Although an issue may be waived if not raised on direct appeal, the circumstances here do not point to waiver.

failed to properly deal with incorrect information regarding his alien status, which is alleged to have impacted his sentence and appeal.

### 1. First Prong of <u>Strickland</u>

I first address Defendant's contention that trial counsel should have taken steps that would have revealed the inaccuracy of Defendant's alien status, as reported in the PSR.  There is, however, no suggestion that trial counsel was ever given reason, by Defendant or anyone else, to doubt the accuracy of the PSR's characterization of Defendant's citizenship status.  Indeed, Defendant fails to point to any document or other source of information that counsel should or could have uncovered at any point prior to sentencing.  Indeed, the erroneous fact that Defendant now disputes was introduced by the Court at sentencing, and not by the PSR.  Accordingly, the facts of the case, at the time of sentencing, cannot render unreasonable the alleged failure to investigate Defendant's alien status, "thoroughly" explain the PSR, or file written objections to the PSR.

I emphasize, too, that Defendant's own conduct belies the necessity for counsel to take any additional preparatory action. "It is well settled that, absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." <u>Morris v. United States</u>, No. 04-1570-GMS, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008).  In this case, Defendant stated, under oath and in

open court, that he had read the PSR, reviewed it with counsel, and concurred in its accuracy. Moreover, after counsel and the Court referred to his deportation and illegal presence in the United States, Defendant was provided with an opportunity to correct the record, and did not do so. Defendant has proffered no reason to disregard or doubt his statements – he does not allege, for example, that he was unaware of the pertinent information, or didn't hear the discussion in open court. His statements, made in open court and under oath, are entitled to significant weight.

Nonetheless, the record reveals that counsel's conduct failed to meet applicable standards in one respect. The record reflected that Defendant was subject to deportation. Apparently, however, the Court was under a misapprehension that Defendant "re-entered the country after being ordered specifically that [he was] not allowed to do so." From the context in which it arose, a reasonable attorney should have seen that the misstatement could potentially impact sentencing decisions. While trial counsel may not have caused the misconception, therefore, he should have attempted to correct it. Counsel was provided an opportunity to do so, and failed to suggest any inaccuracy. Subsequently, Defendant explicitly brought the error to the attention of appellate counsel, who failed to raise the issue with the Court above. Accordingly, in that respect, Defendant has met the first prong of Strickland.

## 2. Second Prong of <u>Strickland</u>

However, even in light of counsel's deficient conduct, Defendant cannot meet the second prong of <u>Strickland</u>.   The crux of his argument is that his sentence would have been lower had the Court been aware that he had not been deported and did not re-enter the Country illegally.  Defendant does not contend that his immigration situation was a factor in calculating his offense level of 30, and criminal history category of III.  Indeed, the record reflects that the situation was not considered in those calculations.  The offense level and criminal history, in turn, presented the Court with two sets of sentencing options: the statutory range of 5 to 40 years, and the advisory guideline range of 121 to 151 months.

A court, in determining the particular sentence to be imposed, must consider the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to accomplish various stated goals.  18 U.S.C.S. § 3553(a). In this case, I expressly considered the seriousness of the crime, deterrence, and protection of the public – as Defendant correctly observes, the latter considerations were "central" to my determination.  I addressed Defendant's immigration status solely in response to his attorney's argument, in favor of a statutory minimum sentence, that the immigration status would affect Defendant's eligibility for certain services in the correctional system.  At no time did I raise Defendant's

supposed deportation and re-entry as independent bases for the length of his sentence.

As a result of all of the factors considered, I determined that the lower end of the guidelines appropriately met all of the goals of sentencing. Notably, the sentence imposed was at the lowest end of the guideline range, and near the lowest end of the statutory range. Defendant has not proffered any reason to find that absent the inaccuracy – especially in light of the Court's accurate statement that Defendant was illegally present in the United States – the Court would have imposed a sentence of less than ten years. The fact that a different outcome was "possible," as Defendant argues, is insufficient to establish a "reasonable probability" of a different outcome. In sum, there are no grounds for finding that corrected information would have resulted in a different sentence, under applicable standards.

Likewise, Defendant's claim regarding appellate counsel's deficiencies fails at the second prong of <u>Strickland</u>. Defendant submits a letter advising appellate counsel that he was not, in fact, deported. I will assume for present purposes that appellate counsel failed to investigate that fact, and that his failure to investigate the issue and to raise it on appeal fell beyond the range of acceptable assistance.[3]   I need not engage in speculation regarding

---

[3]It is disturbing that the Government's appellate briefing, as well as its briefing in connection with Defendant's Section 2255 Motion, perpetuated the factual misconception. There is no evidence or allegation, however, that this stemmed from anything other than unintentional error. In any

whether Defendant suffered prejudice due to appellate counsel's conduct, because the Court of Appeals has already provided an answer.

The Court of Appeals explicitly affirmed the reasonableness of Defendant's sentence, without relying on or referring to this Court's inaccurate statement regarding Defendant's conduct. Instead, the Court of Appeals indicated that Defendant was appropriately sentenced based on the pertinent statutory factors, and the undisputed fact of his illegal presence in this Country. Because the inaccuracy did not factor into the appellate court's decision, I simply cannot find a reasonable probability that correcting the inaccuracy would have altered that decision. Moreover, I have already found, that there is no reasonable probability that the outcome of sentencing would have been different, had this Court not operated under the misconception at hand. Accordingly, even if Defendant were to prevail on a fresh appeal, and the case remanded for re-sentencing, the outcome would not differ as required by applicable standards.

## B. Drug Quantity

Finally, I address Defendant's argument that the amount of marijuana attributed to him for sentencing purposes – 2,000 pounds, or 907.2 kilograms – was in error, and that counsel failed to properly deal with the error. He

_____

event, the Government's characterization of the grounds for this Court's decision is not controlling in this context.

argues that he should not be charged with the total amount of drugs involved in the conspiracy. Defendant relies on the principle that a determination of whether accomplice attribution is appropriate under U.S.S.G. § 1B1.3, requires "a searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy." United States v. Spencer, 92 Fed. Appx. 865, 870 (3d Cir. 2004).

In this case, however, the base offense level was not based on accomplice attribution, but instead on evidence tied directly to Defendant.[4] The PSR recounts evidence at trial that a witness received between 100 and 125 packages of marijuana, each weighing between 20 and 25 pounds, from Defendant. This testimony alone accounts for 2,000 pounds of marijuana directly attributable to Defendant. At sentencing, I expressly found that the facts set forth in the PSR were the final facts in the case. Accordingly, neither trial nor appellate counsel were deficient with respect to the drug quantity determination. Moreover, even if they were ineffective, there is no reasonable probability that their conduct would have affected the outcome of Defendant's offense level calculation or resultant sentence.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only

---

[4]Even if accomplice attribution were applicable here, a probation officer's pre-sentence report may satisfy its requirements. United States v. Damiano, No. 90-488-01, 1994 U.S. Dist. LEXIS 8940, at **10-11 (E.D. Pa. June 28, 1994).

if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

In sum, I have carefully considered all of Defendant's arguments and the record presented. Defendant, however, has not met his burden under Section 2255. No certificate of appealability shall issue, and the scheduled evidentiary hearing shall be cancelled. An appropriate Order follows.

## ORDER

AND NOW, this 20th day of March, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. [146]) is DENIED. In addition, the evidentiary hearing scheduled for April 17, 2009 is hereby cancelled. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court